## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| MARIA ANDREA MEZERHANE DE ) | |
|     SCHNAPP ) | |
| 4241 NW 66th Lane ) | |
| Boca Raton, FL 33496 ) | |
| ) | Civ. Action No. |
|       Plaintiff ) | |
| ) | |
|     v. ) | |
| ) | |
| U.S. CITIZENSHIP AND IMMIGRATION ) | |
|     SERVICES; ) | |
| DEP'T OF HOMELAND SECURITY ) | |
| 3801 Nebraska Avenue, NW ) | |
| Washington, DC 20016 ) | |
| ) | |
|      Defendant ) | |
| _____) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from the Plaintiff, Mrs. Maria Andrea Mezerhane de Schnapp, by the Defendant, the United States Citizenship and Immigration Services ("USCIS").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. The District Court has jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly held from a complainant. 5 U.S.C. § 552(a)(4)(B).

2.  Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

3.  Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal
    Rules of Civil Procedure.

## PARTIES

4.  The Plaintiff, Mrs. Maria Andrea Mezerhane de Schnapp, is a 36-year-old native of
    Venezuela.  She currently resides in Boca Raton, Florida.  Plaintiff is the requester of the
    records being improperly withheld by the Defendant.

5.  The Defendant, U.S. Citizenship and Immigration Services ("USCIS"), is a branch of the
    Department of Homeland Security, an agency of the Executive Branch of the United States
    Government. USCIS is an agency within the meaning of 5 U.S.C. § 552(f)(1).  USCIS has
    possession, custody, and control of the records to which the Plaintiff seeks access. Under
    FOIA, the agency bears the burden of justifying any withholding. 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6.  Plaintiff filed her application for asylum with USCIS on August 11, 2010, asserting that the
    Government of Venezuela persecutes her because of her imputed and actual political opinion,
    and her membership in the particular social group of immediate family members of Mr.
    Nelson J. Mezerhane Gosen (Plaintiff's father).  Plaintiff's father co-founded and co-owned
    Venezuela's last independent television station, and refused to silence the station's critical
    programming, leading to the persecution of Plaintiff and the entire Mezerhane family.  Over
    three years later, Plaintiff's asylum application remains pending before the Defendant.

7.  On May 16, 2013, the Plaintiff, through her attorney Sandra A. Grossman, Esq. of Grossman
    Law, LLC, submitted a FOIA request to USCIS, requesting Plaintiff's "Complete Alien File
    (A-File)," as well as "any and all documents relating to [her] pending asylum claim,

documents referred to other US agencies, and documents related to [her] immigration status in the US."

8. On July 19, 2013, Plaintiff received a letter from Ms. Jill A. Eggleston, Director, FOIA Operations, USCIS, which included USCIS's response to Plaintiff's request, stating that the agency had identified 402 pages responsive to Plaintiff's request. USCIS referred 34 pages to other U.S. agencies for their response, released 181 pages in their entirety and 64 pages in part, and withheld 119 pages in full. USCIS failed to categorize four pages of its 402-page response. Ms. Eggleston's letter referenced four FOIA exemptions under 5 § U.S.C. § 552 which applied to the redacted or withheld pages, including: Exemption (b)(5); Exemption (b)(6); Exemption (b)(7)(C); and Exemption (b)(7)(E).

9. On August 9, 2013, Plaintiff timely submitted her administrative appeal of USCIS's decision to withhold 64 pages in part and 119 pages in full. Plaintiff asked that USCIS reevaluate its decision to withhold and redact nearly half of its response. Specifically, Plaintiff took issue with the allegation that her records must be withheld from her for "security reasons." Plaintiff is a young mother of four children who has no criminal record anywhere in the world. Plaintiff therefore requested that the withheld records "be released to her immediately, and in full."

10. On September 9, 2013, Plaintiff received a letter dated August 29, 2013 from Mr. Alan D. Hughes, Associate Counsel, Commercial and Administrative Law Division, Department of Homeland Security, Citizenship and Immigration Services. Mr. Hughes responded to Plaintiff's appeal by releasing 62 additional pages in part, all still redacted pursuant to 5 U.S.C. §§ 552(b)(5), (b)(6). Mr. Hughes denied Plaintiff's request to release the remaining documents and redacted information, claiming, "…this information is not appropriate for

discretionary release." He provided no information whatsoever regarding the contents of the remaining withheld or redacted documents.

11. In addition, most of the new documents "released" (pp. 109-192) appear to be blank copies of Plaintiff's own passport; copies which have no value to the Plaintiff whatsoever.

12. USCIS continues to withhold most of the information under exemption (b)(6) which, permits the withholding of information only when two requirements have been met: first, the information must be contained in personnel, medical, or "similar" files, and second, the information must be of such a nature that its disclosure would constitute a clearly unwarranted invasion of personal privacy. *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 598 (1982). However, Exemption 6 should only be employed when the privacy interest at stake outweighs the public interest in disclosure. *See U.S. Dep't of State v. Ray*, 502 U.S. 164, 175 (1991).

13. USCIS has not adequately explained why the withheld documents or the redacted information properly falls within this exemption category. There is no showing that the records that have been withheld or partially produced are the type of "personnel, medical, or similar files" governed by FOIA Exemption 6, and there has been no showing that an "unwarranted invasion of personal privacy" will result from their disclosure. Moreover, disclosure of the withheld information may well "shed light on an agency's performance of its statutory duties and its compliance with the law," which would serve a compelling public interest. *Judicial Watch of Fla. v. U.S. Dep't of Justice ("Judicial Watch II")*, 102 F. Supp. 2d 6, 17 (D.D.C. 2000). Greater detail concerning the nature of the withheld documents and the redacted information, and the specific reason(s) for withholding such material, is required to determine whether the information is properly exempted from disclosure.

14. Defendant has violated FOIA by improperly withholding and redacting responsive records, and by failing to produce reasonably segregable portions of withheld records.

15. Plaintiff exhausted her administrative remedies under FOIA.

## COUNTS FOR RELIEF

### Count One: Failure to Provide Responsive Records

16. Plaintiff realleges and incorporates paragraphs 1-15.

17. On May 16, 2013, Plaintiff properly submitted a request to USCIS for "any and all documents relating to [her] pending asylum claim, documents referred to other US agencies, and documents related to [her] immigration status in the US."   Plaintiff is entitled to these documents under 5 U.S.C. § 552(d).

18. Defendant failed to provide reasonably segregable portions of the 57 remaining pages of the fully withheld responsive records, as required by 5 U.S.C. § 552(b) and despite the near certainty that at least some portions of the 57 pages of responsive records are reasonably segregable.

19. Defendant failed to provide reasonably segregable portions of the 126 total pages of partially redacted records, as required by 5 U.S.C. § 552(b), despite the near certainty that at least some portions of the 126 highly redacted pages of responsive records are appropriate for disclosure.

20. Defendant improperly relied upon exemptions under 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) in withholding and redacting responsive records.

21. Plaintiff continues to be irreparably harmed by Defendant's unlawful withholding of the requested records.  Plaintiff, whose family was forced to flee from their native home under

exigent circumstances, is deprived of the opportunity to learn the full contents of the agency's file and why the agency refuses to adjudicate her pending application for asylum.

22. Unlike lawmakers in Plaintiff's native Venezuela, by enacting FOIA, Congress signified that the United States favors a government of openness.  The Supreme Court has noted that, "[w]ithout question, the [Freedom of Information] Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 80 (1973).

23. Accordingly, Defendant's withholding and redaction of responsive documents is improper and violates FOIA.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to conduct a new search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

4. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 24th day of September, 2013,

MARIA ANDREA MEZERHANE DE SCHNAPP

*By counsel,*


/s/ Sandra A. Grossman
Sandra A. Grossman
DC Bar Number: 489814

Grossman Law, LLC
110 N. Washington Street, Suite 350
Rockville, MD 20850
Phone: (240) 403-0913
Fax: (240) 453-0915
sandra@grossmanlawllc.com

*Counsel for Plaintiff*