UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA ANDREA MEZERHANE DE SCHNAPP,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant | Civ. Action No. 1:13-cv-01461 (JDB) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY BRIEFING SCHEDULE [ECF. 28]**

Plaintiff Maria Andrea Mezerhane de Schnapp hereby opposes Defendant's Motion to Modify Briefing Schedule, filed pursuant to Fed. R. Civ. P. 6(b) on October 27, 2014. Dkt. 28. There is no good cause to warrant the extension of time, as Defendant has already been afforded a continuance for this purpose, and has had a total of seven (7) weeks since this Court's September 9, 2014 order to prepare its supplemental declarations and its renewed motion for summary judgment. *See* Dkt. 25.

*Procedural History*

Plaintiff filed the present suit over one year ago, on September 25, 2013. Dkt. 1. Over the course of the past year, in good faith and for the purposes of limiting the contentious issues before this Court, Plaintiff has consented to each of Defendant's requests to consent to motions for extensions of time. *See* Dkt. 19 (Mar. 17, 2014), Dkt. 27 (Oct. 7, 2014). Plaintiff has never requested an extension of time and has complied with all court-ordered deadlines.

1

Seven (7) weeks ago, on September 9, 2014, this Court denied Defendant's motion in part, and ordered parties to meet and confer by September 23, 2014 in efforts to come to an agreement about the remaining five (5) pages of documents withheld under FOIA Exemption 5. Dkt. 25.  The Court further ordered that "if the parties are unable to come to an agreement, defendant shall file any supplemental declarations, affidavits, or factual submissions, accompanied by a renewed motion for summary judgment and a memorandum of law . . . in support of defendant's Exemption 5 claims, no later than October 14, 2014." *Id.*

In accordance with this Court's order, parties met and conferred by September 23, 2014. However, as Defendant's counsel previously noted, "[d]ue to [Defendant's counsel's] trial schedule," efforts to meet and confer were delayed and "the parties did not begin to confer until late September."  Dkt. 27.  Despite good faith negotiations, the parties did not reach an agreement on the five pages of remaining documents.  Accordingly, pursuant to this Court's September 9, 2014 order, Defendant was ordered to file any supplemental evidence and renew its motion for summary judgment "no later than October 14, 2014." Dkt. 25.

Defendant had ample time from this Court's September 9, 2014 order to coordinate with agency experts, to prepare supplemental declarations, and to draft its supplemental motion for summary judgment by this Court's original deadline of October 14, 2014.  Nevertheless, in good faith and to accommodate Defendant's counsel's trial schedule, Plaintiff once again consented to a modification of this Court's briefing schedule to afford Defendant "additional time to complete gathering the relevant information and to prepare appropriate supplemental declarations," and to "craft the supplemental motion for supervisory and agency review."  Dkt. 27.  This Court generously granted Defendant an additional two (2) weeks to comply with its September 9, 2014 order. Minute Order, Oct. 8, 2014.

2

<u>*No Good Cause is Shown for an Additional Extension of Time*</u>

Despite having seven (7) weeks to prepare, Defendant files a last minute request for additional time to file its renewed motion for summary judgment and supplemental evidence. This time Defendant requests an additional three (3) weeks to prepare its submissions. No good cause is shown justifying the request for another extension.

Defendant's only justification for failing to meet this Court's deadline and requesting additional time is having "underestimated the laborious process" involved in preparing another agency declaration. *See* Dkt. 28 at 1. Plaintiff's case has been pending before this Honorable Court for more than a year. During that time agency officials have filed numerous declarations in support of Defendant's case. Defendant's failure to be aware of the process involved in obtaining a declaration is unconvincing and does not provide good cause for another extension of time.

Defendant requests an additional three weeks to file its motions and evidence, a period of time which is unsupported by good cause. As justification, Defendant cites to trainings, other court deadlines, conferences, and supervisory "year-end work responsibilities." Dkt. 28 at 2. The existence of other court deadlines should not take precedence over this matter, especially considering the extensions already granted. Trainings and conferences seem to be scheduled for the week of November 3, 2014, which do not justify an additional three weeks of time. Finally, supervisory officers have responsibilities and obligations throughout the year, not just at the end of the year. None of these reasons provide good cause for yet another extension of this long-pending case.

Given the late nature of Defendant's request, the numerous extensions already granted to Defendant by this Court, and the long-pending nature of these proceedings, good cause does not exist to warrant an additional extension of time to allow Defendant to prepare its response. Fed.

R. Civ. P. 6(b).  Plaintiff respectfully requests the Court deny Defendant's motion to modify this Court's briefing order and require Defendant to timely file its motion for summary judgment and supplemental declaration by midnight tonight.

Respectfully submitted,

/s/
Sandra Grossman (D.C. Bar No.: 489814)
Rachel Zoghlin (D.C. Bar No.: MD18722)
Grossman Law, LLC
110 N. Washington Street, Suite 350
Rockville, MD 20850
(Phone) (240) 403-0913
(Fax) (240) 453-0915
(Email) sandra@grossmanlawllc.com

Dated: October 28, 2014.